**CLOSED**

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEP 28 2006

U.S. DISTRICT COURT
EASTERN MICHIGAN

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05-72913 |
| ) | |
| CITY OF PONTIAC, MICHIGAN, ) | JUDGE GEORGE CARAM STEEH |
| ) | |
| DEFENDANT, ) | |
| ) | |
| AND ) | |
| ) | |
| LOCAL #376 FIRE FIGHTERS UNION, ) | |
| INTERNATIONAL ASSOCIATION ) | |
| OF FIRE FIGHTERS, ) | |
| ) | |
| FRCP 19(A) DEFENDANT. ) | |

FILED
SEP 28 2006
CLERK'S OFFICE
DETROIT

## CONSENT DECREE

This action was brought by the United States against the City of Pontiac, Michigan ("Pontiac") to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended. This Court has jurisdiction of the action under 42 U.S.C. § 2000e-6, 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1345.

In its Complaint, the United States alleges that Pontiac has engaged in a pattern or

CONSENT DECREE

practice of discrimination on the basis of race and gender, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by creating and maintaining dual systems for hiring and promotion within its Fire Department, requiring that one out of every three hires or promotions from any eligibility list be given to a "minority" candidate, which Pontiac has defined to include women. Since 1984, the collective bargaining agreements ("CBAs") entered into and maintained by Pontiac and Local #376, International Association of Fire Fighters (the "Union") have contained provisions requiring such dual hiring and promotional systems. The United States has named the Union as a defendant pursuant to Fed. R. Civ. P. 19(a).

The CBA in force at the time the United States filed the Complaint initiating this action contained the following provisions:

> Dual lists will be established with one list being all candidates in total score order and the second list a special list of the minorities, including women, in total score order. Hiring will be made from the first list in order except that at least one (1) minority must be hired of every three (3) hires. In order to achieve this, the second list will be used if there is not at least one (1) minority for every three (3) hires from the first list. This dual list procedure will be in effect through the duration of the contract.

* * * *

> Dual lists will be established with one being in score order for all the candidates and the second list being the minorities, including women, in score order. Promotions are to be made from the first list except that at least one (1) minority will be promoted out of every three (3) promotionals [sic]. The second list will be used to accomplish this if the first list does not result in at least one (1) minority promoted out of every three (3) promotions. The dual list

will be in effect though the duration of the contract.

Pontiac has complied with these and earlier CBA provisions requiring dual hiring and promotional systems, with the result that Pontiac has: 1) excluded qualified applicants from employment in the entry-level firefighter position within the Pontiac Fire Department based on their race and gender; and 2) excluded qualified candidates from promotion into positions covered by the dual promotional system based on their race and gender.

The United States alleges that by these employment actions Pontiac has violated Title VII. Pontiac denies that it has violated Title VII. Nevertheless, the United States and Pontiac, desiring that this action be settled by an appropriate Decree, and without the burden and risks of protracted litigation, agree to the jurisdiction of this Court over the parties and the subject matter of this action. Subject to the Court's approval of this Decree, the parties to the Decree waive hearings and findings of fact and conclusions of law, and further agree to the entry of this Decree as final and binding between themselves as to all issues raised in the United States' Complaint in this case.

In resolution of this action, the United States and Pontiac hereby AGREE to, and the Court expressly APPROVES, ENTERS and ORDERS, the following:

## I. DEFINITIONS AND PARTIES

1. The parties to this Decree are the United States, by the United States Department of Justice, and the City of Pontiac, Michigan.

2. "Backpay" refers to a monetary award that represents some or all of the wages that a claimant would have earned if the claimant had been, or had been earlier, hired or promoted.

3. "Claimant" refers to an individual who satisfies the requirements for eligibility for remedial hiring relief pursuant to Paragraph 14 of this Decree, or the requirements for eligibility for remedial promotion relief pursuant to Paragraph 22 of this Decree.

4. "Date of entry" of the Decree refers to the date on which the Court orders entry of the Decree.

5. "Day" or "days" refers to calendar, not business, days.

6. "Individual relief" refers to any backpay, offer of employment, promotion or retroactive seniority that a claimant may receive pursuant to the terms of this Decree.

7. "Remedial hiring relief" refers to individual relief provided to claimants who, as a result of the race- and gender-based hiring requirements of the CBA then in effect between Pontiac and the Union, were not hired by the Pontiac Fire Department or were hired later than they otherwise would have been.

8. "Remedial promotional relief" refers to individual relief provided to claimants who, as a result of the race- and gender-based promotional requirements of the CBA then in effect between Pontiac and the Union, were not promoted by the Pontiac Fire Department or were promoted later than they otherwise would have been.

9. "Retroactive seniority" refers to the seniority credit that a claimant would have had if the

claimant had been hired or promoted on the date on which the claimant would have been hired or promoted but for the race- and gender-based hiring requirements of the CBA then in effect between Pontiac and the Union. All retroactive seniority awarded pursuant to this Decree is seniority for all purposes except for any time-in-service requirements for eligibility for promotion.

10. "Title VII" refers to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended.

## II. PURPOSES OF THIS DECREE

11. The purposes of this Decree are to ensure that:

   (a) Pontiac does not engage in discrimination on the basis of race or gender, in violation of Title VII, in relation to hiring or promotions in its Fire Department; and

   (b) remedial relief, including, as appropriate, backpay, an offer of employment or promotion, and retroactive seniority, is provided to individuals who were delayed in or denied hire or promotion in the Pontiac Fire Department as a result of to the CBA provisions challenged in this lawsuit.

## III. GENERAL INJUNCTIVE RELIEF

12. Pontiac and its employees, supervisors, agents and all individuals in active concert or participation with it, are enjoined from:

CONSENT DECREE 5

(a) engaging in or agreeing to any act or practice that discriminates on the basis of race or gender, in violation of Title VII, in relation to hiring or promotions in the Pontiac Fire Department; and

(b) retaliating against, or in any way adversely affecting the terms and conditions of employment of, any person because that person has engaged in practices protected under 42 U.S.C. § 2000e-3(a), including, but not limited to, cooperating with the United States' investigation of the Pontiac Fire Department, participating in the litigation of this case, or seeking or receiving individual relief pursuant to this Decree.

13. Pontiac shall not enforce any provision in the CBA currently in effect between Pontiac and the Union that requires that Pontiac use dual hiring or promotional lists based on race or gender. Pontiac represents that it has not enforced any such provision since the expiration of the hiring and promotional lists resulting from the 2002 application and testing processes. Any provision in the CBA between Pontiac and the Union that requires that Pontiac use dual hiring or promotional lists based on race or gender is null and void.

## IV.   INDIVIDUAL REMEDIAL RELIEF

### A.   Claimants Eligible for Remedial Hiring Relief

14. Individuals who are eligible for remedial hiring relief under this Decree are those who:

(a) sought employment with the Pontiac Fire Department and were placed on a hiring

CONSENT DECREE                                     6

eligibility list between January 1, 2002 and the date of entry of this Decree, inclusive; and

(b) as a result of the race- and gender-based hiring requirements of the CBA then in effect between Pontiac and the Union, were not hired by the Pontiac Fire Department or were hired later than they otherwise would have been.

15. Pontiac has represented that the only persons who potentially are eligible for remedial hiring relief under the terms of this Decree, as described above, are:

(a) Justin Parsons, was hired by the Pontiac Fire Department later than he otherwise would have been but is no longer employed in the Fire Department;

(b) Michael Dougherty, who was hired by the Pontiac Fire Department later than he otherwise would have been and is an incumbent firefighter; and

(c) Michael J. Lewis, Jr., who was not hired by the Pontiac Fire Department.

16. Within sixty (60) days from the date of entry of this Decree, Pontiac shall mail to Michael Dougherty a check made payable to him, in the amount of four thousand seven hundred dollars ($4,700.00), less withholdings appropriate pursuant to Paragraph 32 of this Decree, representing backpay and prejudgment interest.

17. Pontiac shall: 1) offer employment in the entry-level firefighter position in its Fire Department to Michael J. Lewis, Jr. ("Mr. Lewis") before hiring any other individual into that position; or 2) no less than sixty (60) days prior to hiring any individual other than Mr. Lewis

into the entry-level firefighter position, inform the United States in writing that Pontiac has determined that Mr. Lewis currently is not qualified for that position and provide to the United States a written statement of all reason(s) he currently is unqualified and the information and documents (e.g., background investigation reports, criminal history records, driving records, test scores, etc.) on which Pontiac based its determination. Upon the United States' request, within thirty (30) days after the date on which the United States receives written notice that Pontiac has determined that Mr. Lewis is not currently qualified, Pontiac shall make available for interview by the United States all individuals involved in any way in evaluating Mr. Lewis' qualifications.

18. If the United States does not agree with a determination that Mr. Lewis is currently unqualified for the entry-level firefighter position, the United States may, within sixty (60) days after the date on which it receives notice that Pontiac has made that determination, request that the Court resolve the dispute regarding Mr. Lewis' qualifications pursuant to Paragraph 35 of this Decree. If the United States makes such a request, Pontiac shall not hire any individual other than Mr. Lewis into the entry-level firefighter position until the Court issues an Order allowing the City to hire the individual. The Court shall issue such an Order only if it finds: 1) that Mr. Lewis currently is unqualified for the entry-level firefighter position; or 2) Pontiac has established that it is necessary in the interest of public safety that Pontiac hire another individual prior to the Court's resolution of the parties' dispute regarding Mr. Lewis' qualifications.

19. If the Court issues an Order allowing the City to hire the individual because Pontiac has established that it is necessary in the interest of public safety that Pontiac hire another individual prior to the Court's resolution of the parties' dispute regarding Mr. Lewis' qualifications, and the Court later determines that the City has not established that Mr. Lewis is unqualified for the entry-level firefighter position, Pontiac shall hire Mr. Lewis into that position within thirty (30) days after the Court's determination.

20. Immediately upon entry of this Decree, Pontiac shall credit Michael Dougherty with retroactive seniority in the entry level firefighter position beginning on March 1, 2004, provided that he is employed in the Pontiac Fire Department as of the date of entry of this Decree.

21. On the date on which Mr. Lewis is hired into the entry-level firefighter position by Pontiac, Pontiac shall credit him with retroactive seniority in that position beginning on May 3, 2004.

### B. Claimants Eligible for Remedial Promotion Relief

22. Pursuant to this Decree, those individuals who are eligible for remedial promotion relief under this Decree are those who:

　　(a) applied and were qualified for promotion with the Pontiac Fire Department, as defined by the posted promotional lists, between January 1, 2002 and the date of entry of this Decree, inclusive; and

　　(b) solely as a result of the race- and gender-based promotion requirements of the

CBA between Pontiac and the Union, were not promoted and/or were delayed in receiving a promotion.

23. Pontiac has represented that the only persons eligible for remedial promotion relief under this Decree are:

    (a)    Matthew Wells, whose promotion to Lieutenant was delayed; and

    (b)    Arthur Frantz, who was not promoted to Lieutenant from the 2002 promotional list, but whom the City has now promoted.

24. Pontiac has represented that Pontiac already has paid Mr. Frantz the sum of eighteen thousand seven hundred ninety-six dollars and twelve cents ($18,796.12), less withholdings appropriate pursuant to Paragraph 32 of this Decree, representing additional wages Mr. Frantz would have earned had he been promoted to the position of Fire Lieutenant on November 10, 2003.

25. Within sixty (60) days after the date of entry of this Decree, Pontiac shall mail to Matthew Wells a check made payable to him, in the amount of seven thousand five hundred dollars ($7,500.00), less withholdings appropriate pursuant to Paragraph 32 of this Decree, representing backpay and prejudgment interest.

26. Pontiac shall credit each claimant listed below who is employed in the Pontiac Fire Department as of the date of entry of this Decree, with retroactive seniority in the position of Lieutenant as of the date corresponding to the claimant's name below:

    (a)    Matthew Wells, Lieutenant, November 10, 2002; and

    (b)    Arthur Frantz, Lieutenant, November 1, 2003.

## V. FAIRNESS HEARING ON CONSENT DECREE

27. Upon provisional approval of this Decree, the Court will set a date for a fairness hearing to consider giving its final approval and to hear any objections filed by individuals affected by this Consent Decree. The fairness hearing shall be held no less than sixty (60) days after provisional approval of this Consent Decree.

28. Within ten (10) days after the date of the Court's provisional approval of this Decree, Pontiac shall provide written notice of the Court's provisional approval to all claimants listed in Paragraph 15 and Paragraph 23, above, and to all incumbent sworn employees of the Pontiac Fire Department. The notice shall provide a description of the relief to be provided under this Decree, specify the date, time and place for the fairness hearing, and describe the procedure for filing objections to the Decree. Notice for purposes of this paragraph shall be by regular first class mail to the individual's last known address. An example of such notice is attached hereto as Appendix A.

## VI. RELEASE OF CLAIMS

29. Within ten (10) days after the date of entry of this Decree, the United States shall mail to each of the individuals listed in Paragraphs 16, 17 and 23, above, a release of claims ("Release") in the form attached to this Decree as Appendix B, along with a copy of this Decree.

30.  Any claimant otherwise entitled to individual relief under this Decree shall, to remain eligible for and obtain such relief, sign the Release, have it notarized, and return it to Pontiac. Any claimant who does not sign and have his Release form notarized and returned to Pontiac within thirty (30) days after the mailing of the Release, absent a showing of good cause, shall be deemed to have waived his entitlement to relief under this Decree. The determination that a claimant has shown good cause shall be within the sole discretion of the United States.

31.  Within forty-five (45) days after entry of this Decree, Pontiac shall provide to the United States and to the Union a copy of each Release form returned to Pontiac by a claimant.

## VII.   WITHHOLDING AND SOCIAL SECURITY CONTRIBUTIONS

32.  Pontiac shall withhold from each monetary award the amount required to be withheld by applicable Federal and State income tax laws, and shall pay the appropriate employer's contribution to the Social Security fund.

33.  Within ten (10) days after Pontiac has made the last of the payments required by Paragraphs 16 and 25, above, Pontiac shall so notify the Union and the United States in writing, and shall provide to the Union and the United States a list indicating the amount paid to each claimant pursuant to Paragraphs 16 and 25, as well as the amounts withheld from each claimant's monetary award, and the amount paid as the employer's contribution to the Social Security fund for each claimant, pursuant to Paragraph 32, above.

## VIII. CLAIM AGAINST THE UNION NOT WAIVED

34. This Decree is not and shall not be interpreted as a waiver of any claim Pontiac may have against the Union, including, but not limited to, any claim for contribution or indemnification.

## IX. DISPUTE RESOLUTION

35. The parties shall attempt to resolve informally any dispute that may arise under this Decree. If the parties are unable to resolve the dispute expeditiously, any party may move the Court for a resolution of the disputed issue.

## X. REPORTING, RECORD RETENTION AND COMPLIANCE MONITORING

36. To the extent that Pontiac is not already under a legal obligation to maintain such documents throughout the term of this Decree, and will not otherwise maintain such documents pursuant to routine personnel file maintenance policies, Pontiac shall retain all of the following records (including those in electronic form) during the term of this Decree:

   (a) all applications for entry-level firefighter positions in the Pontiac Fire Department, as well as all documents related to the evaluation of applicants and selection of entry-level firefighters from among applicants;

   (b) all applications for promotion in the Pontiac Fire Department, as well as all documents related to the evaluation of candidates and selection of candidates to be promoted;

   (c) all documents relating to written or verbal complaints made by any applicant for

employment or employee in the Pontiac Fire Department regarding:

(i) discrimination in hiring or promotion on the basis of race or gender; or (ii) retaliation for complaining of, or participating in any proceedings involving a complaint of, such discrimination; and

(d). all documents relating to the payment or award of individual relief to any claimant under this Decree.

37. The United States may review compliance with this Decree at any time. Upon fifteen (15) days written notice to Pontiac, without further order of this Court, the United States shall have the right to inspect and copy any documents that are relevant to monitor Pontiac's compliance with this Decree, including, but not limited to, those retained pursuant to Paragraph 36, above.

## XI. JURISDICTION OF THE COURT

38. The Court shall retain jurisdiction over this Decree for the purpose of resolving any disputes or entering any orders that may be appropriate to implement the relief provided in the Decree.

39. This Decree shall dissolve and this action shall be dismissed without further order of the Court at the end of two (2) years from the date of entry of this Decree or ninety (90) days after Pontiac has fulfilled all of its obligations under Section IV. of this Decree, whichever occurs later.

## XII. GENERAL PROVISIONS

40. The parties shall bear their own costs and attorney's fees in this action, except that the parties shall retain the right to seek costs for any matter which, in the future, may arise under

this Decree and require resolution by the Court.

41. Any documents required to be delivered under this Decree to the United States shall be sent to the attention of:

>   Chief, Employment Litigation Section
>   U.S. Department of Justice
>   Civil Rights Division
>   Employment Litigation Section–PHB 4040
>   950 Pennsylvania Ave., NW
>   Washington, D.C. 20530

42. Any documents required to be delivered under this Decree to Pontiac shall be sent to the attention of:

>   Eric S. Goldstein, Esquire
>   Bigler, Berry, Johnston, Sztykiel & Hunt
>   1301 West Long Lake Road, Suite 250
>   Troy, Michigan 48098

43. Any documents required to be delivered under this Decree to the Union shall be sent to the attention of:

>   Mark L. Heinen
>   Gregory, Moore, Jeakle, Heinen & Brooks, P.C.
>   65 Cadillac Square - Suite 3727
>   Detroit, Michigan 48226

It is so **ORDERED**, this 28th day of September 2006.

HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

**AGREED AND CONSENTED TO:**

For plaintiff United States of America:

WAN J. KIM
Assistant Attorney General
Civil Rights Division

By: *[signature]*

DAVID J. PALMER
Chief, Employment Litigation Section

*[signature]*

*[signature]*

JOHN M. GADZICHOWSKI
Principal Deputy Chief
SHARON A. SEELEY
CARL D. WASSERMAN
Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section–PHB 4040
950 Pennsylvania Ave., NW
Washington, D.C. 20530
(202) 305-8015 - telephone
(202) 514-1105 - facsimile

For defendant City of Pontiac, Michigan:

*[signature]*

ERIC S. GOLDSTEIN, ESQ.
Law Offices of Bigler, Berry, Johnston,
  Sztykiel & Hunt, PC

1301 West Long Lake Road, Suite 250
Troy, Michigan 48098
(248) 641-1800 - telephone
(248) 641-3845 - facsimile

For Rule 19(a) defendant Local #376 Fire Fighters Union, International Association of Fire Fighters:

*[signature]*

MARK L. HEINEN, ESQ.
Gregory, Moore, Jeakle,
  Heinen & Brooks, PC
65 Cadillac Square - Suite 3727
Detroit, Michigan 48226
(313) 964-5600 - telephone
(313) 964-2125 - facsimile

# APPENDIX A

## NOTICE OF SETTLEMENT AND FAIRNESS HEARING
United States v. City of Pontiac, Michigan, et al.
Civil Action No. 05-72913 (E.D. Mich.)

On __[insert date]__, the United States and the City of Pontiac, Michigan (the "City") executed a settlement of a lawsuit filed by the United States in July 2005 in the United States District Court for the Eastern District of Michigan. In the lawsuit, the United States alleged that the City has engaged in employment practices that discriminate against applicants for employment and employees within its Fire Department based on race and sex. Specifically, the United States alleged that the City violated Title VII of the Civil Rights Act of 1964 ("Title VII") by maintaining dual hiring and promotional systems within the Fire Department that required that one out of every three hires or promotions be given to a "minority." The United States named Local #376 Fire Fighters Union, International Association of Fire Fighters (the "Union") as a party to the lawsuit to insure that complete relief could be granted, but did not seek relief from the Union.

The City denies that its hiring or promotional system unlawfully discriminated against applicants or employees on the basis of race or sex. However, in the interest of resolving this matter, the parties have voluntarily entered into a "Consent Decree" settling the lawsuit. The terms of settlement include an agreement by the City that in the future it will not enforce a dual hiring or promotional system based on race or sex and will not unlawfully discriminate on the basis of race and sex in connection with hiring or promotions. In addition, the City has agreed to provide a total of $ 12,200 in monetary relief to two white males harmed by the City's use of the dual hiring and promotional systems. Prior to the execution of the Consent Decree, the City paid $ 18,796.12 to another white males harmed by the City's use of the dual systems. The City also has agreed to make an offer of employment in the entry-level Firefighter job to one of those individuals, provided that he is found to be currently qualified for the job. If hired, this individual would be given remedial seniority, based on the date on which he would have been hired absent the dual hiring system. In addition, under the settlement, the City has agreed to give remedial seniority in the Firefighter position to another individual, and in the Lieutenant position to two individuals, based on the dates on which each would have been hired/promoted into the relevant position absent the dual hiring and promotional systems.

The Consent Decree was entered by Order of the Court provisionally on __[insert date]__. The parties now have requested that the Court hold a "Fairness Hearing" to determine whether the terms of the Consent Decree are fair, reasonable, equitable and otherwise consistent with federal law.

This fairness hearing will be held on __[insert date]__, at the federal district courthouse located at __[insert specific address]__. **You have the right to attend this fairness hearing.**

In addition, you have the right to file with the Court a written objection to any of the terms of the Consent Decree that you believe are unfair or unlawful. Copies of the Consent Decree are available from the City offices located at __[insert specific address]__. Instructions for filing an objection are enclosed with this notice. **Making an objection is voluntary, but if you do not object at this time, you may be prohibited from taking any action against this Consent Decree in the future.**

### INSTRUCTIONS FOR FILING AN OBJECTION
### PRIOR TO THE FAIRNESS HEARING

1. If you believe the terms of the Consent Decree are unfair, unreasonable or unlawful, you may object to its final entry by the Court. **Making an objection is voluntary, but if you do not object at this time, you may be prohibited from taking any action against this Consent Decree in the future.** If you decide to object, you must follow the instructions set out on this page. If you choose to object, the judge will consider your objection before deciding whether to approve the terms of the Consent Decree.

2. **All objections must be postmarked by __[insert date]__. If your objection is not postmarked by this date, your objection may not be considered and you may be prohibited from objecting at a later time.**

3. **All objections must be made in writing.** Your objection should be made on the attached form, showing the caption of the case. You must fill out this page completely. You must include a description of the basis of your objection. If you have retained an attorney to assist you in this matter, indicate with your objection the name, address and phone number of your attorney. You may attach additional pages to the caption page/form if necessary.

4. You must submit one copy of your objection to each of the following addresses:

   1) Clerk of the United States District Court for
      the Eastern District of Michigan
      Theodore Levin United States Courthouse
      231 W. Lafayette Blvd., 5th Floor
      Detroit, Michigan 48226

   2) Pontiac Settlement Team
      Employment Litigation Section
      Civil Rights Division
      U.S. Department of Justice
      PHB, Room 4024
      950 Pennsylvania Avenue, NW
      Washington, DC 20530

   3) City of Pontiac
      Eric S. Goldstein, Esquire
      Bigler, Berry, Johnston, Sztykiel & Hunt
      1301 West Long Lake Road, Suite 250
      Troy, Michigan 48098

5. The court will hold the Fairness Hearing on __[insert date]__. You may attend this hearing if you wish, but need not attend in order to have the Court consider any written objections you submit.

6. If you have any questions concerning the procedure to submit an objection, you may consult with an attorney of your own choosing and at your own expense, or you may call the Employment Litigation Section of the Civil Rights Division of the Department of Justice at 1-800-__[insert dedicated telephone number]__. If you do call this number, please leave your name, social security number, telephone number and a time when you can be reached. Your call will be returned as soon as possible.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> PLAINTIFF, ) <br> v. ) <br> ) <br> CITY OF PONTIAC, MICHIGAN, ) <br> ) <br> DEFENDANT, ) <br> ) <br> AND ) <br> ) <br> LOCAL #376 FIRE FIGHTERS UNION, ) <br> INTERNATIONAL ASSOCIATION ) <br> OF FIRE FIGHTERS, ) <br> ) <br> FRCP 19(A) DEFENDANT. ) | CIVIL ACTION No. 05-72913 <br><br> JUDGE GEORGE CARAM STEEH |

## OBJECTION TO THE ENTRY OF THE CONSENT DECREE

I am objecting to the terms of settlement of this case included in the Consent Decree agreed to by the United States and the City of Pontiac.

Name: _____

Address: _____
_____
_____

Telephone: _____

Basis of my objection: _____
_____
_____

Are you requesting the opportunity to state your objection in person at the Fairness Hearing?

\_\_\_\_\_Yes   \_\_\_\_\_No

YOU MAY USE ADDITIONAL PAGES TO EXPLAIN THE BASIS OF YOUR OBJECTION IF NECESSARY. **YOU MUST SEND ONE COPY OF YOUR OBJECTION TO THE CLERK OF THE COURT, ONE COPY TO THE DEPARTMENT OF JUSTICE AND ONE COPY TO THE CITY AT THE ADDRESSES PROVIDED IN THE INSTRUCTIONS.**

## APPENDIX B

### RELEASE

<u>United States v. City of Pontiac, Michigan, et al.</u>
Civil Action No. 05-72913 (E.D. Mich.)

STATE OF MICHIGAN

COUNTY OF _____

      For and in consideration of the relief offered to me pursuant to the provisions of the Consent Decree entered in <u>United States v. City of Pontiac, Michigan, et al.</u>, Civil Action No. 05-72913 (E.D. Mich.), on [insert date], I, _____[insert name]_____, hereby release and forever discharge defendant City of Pontiac, Michigan, and its employees, supervisors and agents of and from all legal and equitable claims and liability arising out of that action or relating to defendant City of Pontiac's use of the dual hiring and promotional systems alleged by the United States in that action to be unlawful.

      I understand that the relief I have been offered pursuant to the Consent Decree is a monetary award in the amount of $ [insert amount] dollars ($ _____.__), minus the appropriate withholdings for federal and state income taxes [and/or, as appropriate: "[and], if it is determined that I currently am qualified for the position of entry-level firefighter in the City of Pontiac's fire department, an offer of employment in that position, with retroactive seniority;" or "[and] retroactive seniority"].

      This Release constitutes the entire agreement between defendant City of Pontiac, Michigan and myself.

      I acknowledge that a copy of the Consent Decree has been made available to me, and that I have been given an opportunity to consult with and have this Release and the Consent Decree reviewed by an attorney of my own choice and at my own expense.

**I HAVE READ THIS RELEASE AND UNDERSTAND ITS CONTENTS, AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.**

Signed this _____ day of _____, 2006.

_____
[insert name]

Subscribed and Sworn to before me this _____ day of _____, 2006.

_____
NOTARY PUBLIC

My commission expires: _____.